UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRIAN NEAL GEE,                )
                               )
         Plaintiff             )
                               )
v.                             )    No. 2:17-cv-00001-DBH
                               )
NANCY A. BERRYHILL,            )
Acting Commissioner of Social Security, )
                               )
         Defendant             )

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff, who alleges that he is disabled by degenerative disc disease, irritable bowel syndrome ("IBS"), anxiety, and high blood pressure, capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ's assessment of his residual functional capacity ("RFC") is not supported by substantial evidence, the ALJ erroneously evaluated his testimony regarding his symptoms in determining his RFC, and the ALJ failed to incorporate all of the nonexertional limitations from his RFC findings into his hypothetical questions to the vocational expert ("VE"). *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 13) at 1-2. Without reaching the first two points of error, I recommend that the court find for the plaintiff on his third identified point of error concerning the ALJ's hypothetical and remand this action.

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 13; that he had severe impairments of degenerative disc disease, IBS, and anxiety, Finding 3, *id*.; that he had the RFC to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b) in that he could lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, sit for at least six hours and stand or walk for six hours in an eight-hour day, occasionally climb, balance, stoop, kneel, crouch, and crawl, might require an unscheduled break of up to five minutes in the morning and another such break in the afternoon, was able to maintain concentration and attention sufficient to perform uncomplicated work tasks over an eight-hour workday, assuming short (scheduled) work breaks on average every two hours, was not able to interact with the public, could work in the presence of co-workers and engage in appropriate occasional social interaction, but could not work in the context of a work team where work-related interaction with co-workers was constant and physically close, and could deal appropriately with supervisors on an occasional basis, but not in circumstances in which monitoring and intervention by supervisors was physically close and/or frequent or continuous, Finding 5, *id*. at 15; that, considering his age (47 years old, defined as a younger individual, on his alleged disability onset date, October 16, 2010), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 24-25; and that he, therefore, had not been disabled from October 16, 2010, through the date of the decision, November 30, 2015, Finding 11, *id*. at 25. The Appeals Council declined to review the

decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The ALJ included the following relevant nonexertional limitations in his RFC determination:

> The [plaintiff] can work in the presence of co-workers and engage in appropriate occasional social interaction, but cannot work in the context of a work team where work-related interaction with co-workers is constant and physically close; and can deal appropriately with supervisors on an occasional basis, but not in circumstances [w]here monitoring and intervention by supervisors is *physically close and/or frequent or continuous*.

Finding 5, Record at 15 (emphasis added). At hearing, the ALJ asked the VE to consider a hypothetical claimant who, *inter alia*, "would not be able to perform activities that require interaction with the public; could work in the presence of coworkers and deal with them on an

occasional social or casual basis but could not work on a work team where ongoing work-related interaction is frequent or continuous[,]" and "could work with supervisors on an occasional basis, not (phonetic) for monitoring or intervention *is frequent or continuous*." *Id*. at 63 (emphasis added). The VE testified that the posited limitations would rule out the plaintiff's past work but would permit the performance of the jobs of unskilled mail clerk, assembler, and package sorter. *See id*. at 63-64. The ALJ relied on that testimony in determining, at Step 5, that the plaintiff could perform work existing in significant numbers in the national economy. *See id*. at 25.

The plaintiff notes that "[t]he ALJ did not pose the limitation that [he] cannot work 'in circumstances where monitoring and intervention by supervisors is *physically close* and/or frequent or continuous' to [the VE]." Statement of Errors at 15 (quoting Finding 5, Record at 15) (emphasis in Statement of Errors). He asserts that, because the VE did not consider the issue of physically close supervision, and the issue is not addressed in the *Dictionary of Occupational Titles* ("DOT") (U.S. Dep't of Labor 4th ed. 1991), it is unclear that the jobs identified by the VE could be performed with that additional limitation. *See id*. Hence, he contends, the commissioner failed to meet her Step 5 burden to demonstrate that there were jobs existing in significant numbers in the national economy that he could perform, warranting remand. *See id*. I agree.

The commissioner construes the hypothetical question posed to the VE as consistent with the ALJ's RFC determination, arguing in the alternative that any error was harmless because the DOT makes clear that a person with the omitted limitation could still perform two of the three jobs at issue. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 18-20.

On the first point, the commissioner asserts that the phrase "physically close" need not have been conveyed to the VE because "[t]he use of the phrase 'and/or' means that 'either or both

4

of the items connected by it are involved.'" *Id*. at 19 (quoting *The American Heritage Dictionary of the English Language* 47 (4th ed. 2000)). She reasons:

> Hence, based on the plain language of the RFC, the ALJ was free to limit Plaintiff to supervision that satisfied any of the following: (1) supervision that was not "physically close[";] (2) supervision that was not "physically close and frequent or continuous[;]" or (3) supervision that was not "frequent or continuous." It is the third permissible option that the ALJ used. This is not a situation where the ALJ omitted any supervisory limitation; rather, the ALJ recited the supervisory limitation in a way permitted by the plain language of the RFC.

*Id*. at 19 (citation omitted). At oral argument, much to the same point, counsel for the commissioner contended that the phrase "physically close" can be excluded from the longer phrase "not . . . physically close and/or frequent or continuous" because the "not" is a modifier that applies to each nominal descriptor (physically close, frequent, or continuous), none of which is separated by a comma, and the "or" is disjunctive.

The plaintiff's counsel rejoined that the word "not" modifies all of the descriptors that follow, as a result of which the only reasonable reading of the restriction set forth in the RFC determination is that the plaintiff could not perform a job requiring any of those types of supervision.

The plaintiff has the better argument. As counsel for the commissioner acknowledged, the RFC limitation is not well-worded. However, to adopt the commissioner's argument would be to read out of the ALJ's RFC the conjunctive "and" in favor of the disjunctive "or." In any event, even if one could reasonably construe the language at issue to mean that the plaintiff had a limitation against *either* supervision that was not physically close *or* supervision that was not frequent or continuous, that reading makes little sense. The limitations differ in kind: a ban against frequent or continuous supervision would not address the need for a ban against physically close supervision. The plaintiff either needed a limitation against physically close supervision,

5

regardless of the frequency of its occurrence, or he did not. The ALJ included it in his RFC, and the better reading is that the plaintiff required it.[2]

As to the commissioner's alternative argument regarding harmless error, the commissioner contends that any error in omitting to pose the limitation to the VE is harmless because the DOT indicates that "People: . . . – Taking Instructions-Helping" is not a significant part of the jobs of mail clerk or assembler. Opposition at 20; DOT §§ 209.687-026, 706.684-022.

As the plaintiff's counsel noted at oral argument, however, the fact that taking instructions is not a significant part of a job does not necessarily mean that it entails no physically close supervision. It could entail infrequent physically close supervision, which would conflict with the limitation set forth in the RFC determination as most reasonably construed.

An ALJ has "a duty to develop an adequate record from which a reasonable conclusion can be drawn." *Heggarty v. Sullivan*, 947 F.2d 990, 997 (1st Cir. 1991) (citation and internal quotation marks omitted). As the plaintiff's counsel asserted at oral argument, the ALJ lacked a sufficient evidentiary basis, in the form of either the VE's testimony or the DOT, to conclude that the plaintiff was capable of performing any of the three jobs at issue. Remand, accordingly, is required. *See, e.g., Wiley v. Colvin*, No. 13-2473, 2015 WL 9653048, at *1 (1st Cir. Feb. 11, 2015) (remand required when ALJ's flawed hypothetical to VE, omitting more substantial limitations that he

---

[2] The commissioner attempts to distinguish *Joseph v. Astrue*, C.A No. 11–191S, 2012 WL 1397457, at *10 (D.R.I. Mar. 30, 2012) (rec. dec., *aff'd* Apr. 23, 2012), in which remand was ordered because of an ALJ's failure to convey similar language to a VE, on the basis that, there, the ALJ omitted to convey the entirety of a limitation against dealing with supervisors "in circumstances in which, because of product considerations or for other reasons, monitoring and intervention by supervisors is physically close and/or frequent or continuous." Opposition at 19; *Joseph*, 2012 WL 1397457, at *10. I perceive no material distinction. In *Joseph*, the ALJ had conveyed to the VE a separate but related limitation that the claimant was able to deal appropriately with supervisors on an occasional basis. *See id*. The commissioner had argued that, given "the fact that interaction with supervisors was limited in the hypothetical to no more than an occasional basis, the lack of physical closeness [could] reasonably be presumed – and did not need to be expressly included." *Id*. The court was unpersuaded, reasoning that "the limitation to 'occasional' supervision, is one of frequency, whereas the limitation to supervision which is 'not physically close,' is one of proximity." *Id*. at *11. The same flaw exists here.

6

found in his RFC, was not harmless error); *Arocho v. Sec'y of Health & Human Servs.,* 670 F.2d 374, 375 (1st Cir. 1982) (responses of a vocational expert are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 12th day of December, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge